David C. Reymann (8495) (dreymann@parrbrown.com)
Rachel Lassig Wertheimer (13893) (rwertheimer@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840

Attorneys for Defendants
Susan Schofield and Michael Schofield

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIAMOND RANCH ACADEMY, INC.,<br><br>     Plaintiff,<br><br>vs.<br><br>SUSAN SCHOFIELD, an individual, and MICHAEL SCHOFIELD, an individual,<br><br>     Defendants. | **ANSWER OF DEFENDANTS SUSAN SCHOFIELD AND MICHAEL SCHOFIELD**<br><br>**(Jury Demanded)**<br><br>Case No. 1:14-cv-00103-DBP<br><br>Judge Ted Stewart |

Defendants Susan Schofield and Michael Schofield (collectively, the "Schofields"), through their undersigned counsel, hereby answer the Complaint against them filed on or about August 28, 2014 ("Complaint"), by Plaintiff Diamond Ranch Academy, Inc. ("DRA"), and for their defenses state and aver as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Schofields respond to the specifically numbered paragraphs of the Complaint as follows, specifically reserving the right to amend and/or supplement their responses as further discovery and investigation may warrant.

### [NATURE OF ACTION]

1. Admit that DRA seeks to recover damages for allegedly defamatory statements made by the Schofields but deny that DRA has stated any proper cause of action against the Schofields. For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny that DRA is a therapeutic boarding school and licensed residential youth treatment facility located in Hurricane, Utah. Deny each and every remaining allegation.

### [JURISDICTION]

2. The allegations of this paragraph set forth a legal conclusion regarding the jurisdiction of this Court, and therefore no response is required. To the extent any response is required, the Schofields deny that this Court has subject matter jurisdiction over this matter.

3. The allegations of this paragraph set forth a legal conclusion regarding the jurisdiction of this Court, and therefore no response is required. To the extent any response is required, the Schofields deny the allegations, including that this Court has personal jurisdiction over them.

4. The allegations of this paragraph set forth a legal conclusion regarding the jurisdiction of this Court, and therefore no response is required. To the extent any response is required, the Schofields deny that this Court has personal jurisdiction over them.

[VENUE]

5.      The allegations of this paragraph set forth a legal conclusion regarding the propriety of venue in this Court, and therefore no response is required.  To the extent any response is required, the Schofields deny the allegations, including that venue is proper in this Court.

[PARTIES]

6.      For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

7.      Admit.

8.      Admit.

9.      The allegation in this paragraph does not require a response.

[FACTUAL ALLEGATIONS]

10.     Admit.

11.     The Schofields have not, to their knowledge, ever spoken to any employee or owner of DRA, and therefore admit.

12.     Deny.

13.     Allege that the publications referred to in this paragraph, to the extent they exist, speak for themselves, deny all allegations inconsistent with their full content and context, and deny all remaining allegations.

14.     Deny.

15.     Deny.

16.     Deny.

17. Deny.

18. Deny.

19. Deny.

[FIRST CAUSE OF ACTION]
[(Libel against all Defendants)]

20. The Schofields incorporate their responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

[SECOND CAUSE OF ACTION]
[(Libel Per Se against all Defendants)]

30. The Schofields incorporate their responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

[THIRD CAUSE OF ACTION]
[(Slander against all Defendants)]

44. The Schofields incorporate their responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

[FOURTH CAUSE OF ACTION]
[(Slander Per Se against all Defendants)]

54. The Schofields incorporate their responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

[FIFTH CAUSE OF ACTION]
[(Intentional Interference with Prospective Economic Advantage against all Defendants)]

68. The Schofields incorporate their responses to the foregoing paragraphs of the Complaint as if fully set forth herein.

69. For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

70. For lack of knowledge or information sufficient to form a belief as to the truth thereof, deny.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Deny.

### THIRD DEFENSE

The Schofields deny each and every allegation in the Complaint that is not expressly admitted herein.

### FOURTH DEFENSE

This Court lacks personal jurisdiction over the Schofields.

### FIFTH DEFENSE

Venue in this Court is improper.

### SIXTH DEFENSE

Some or all of DRA's claims are barred by the applicable statute of limitations.

### SEVENTH DEFENSE

Some or all of DRA's claims are barred by laches.

### EIGHTH DEFENSE

Some or all of DRA's claims are barred by estoppel and/or waiver.

### NINTH DEFENSE

Some or all of DRA's claims are barred because the statements in the complained-of internet radio broadcasts and other sources are true or substantially true.

### TENTH DEFENSE

Some or all of DRA's claims are barred because the statements in the complained-of internet radio broadcasts and other sources are incapable of conveying defamatory meaning, constitute nonactionable opinion, and/or constitute rhetorical hyperbole.

### ELEVENTH DEFENSE

Some or all of DRA's claims are barred by the common law fair comment and/or fair report privileges.

### TWELFTH DEFENSE

Some or all of DRA's claims are barred under Utah Code § 45-2-3 and/or § 45-2-10 and/or California Civil Code § 47.

### THIRTEENTH DEFENSE

Some or all of DRA's claims are barred by the common law privilege concerning publications made to protect the legitimate interest of the publisher.

### FOURTEENTH DEFENSE

Some or all of DRA's claims are privileged because the complained-of internet radio broadcasts and other sources concerned matters of legitimate public interest and were published by the Schofields without malice.

### FIFTEENTH DEFENSE

Some or all of DRA's claims are barred under the First and Fourteenth Amendments to the United States Constitution.

### SIXTEENTH DEFENSE

Some or all of DRA's claims are barred under Article I, sections 1 and 15 of the Utah Constitution and/or under Article I, sections 1 and 2 of the California Constitution.

### SEVENTEENTH DEFENSE

Some or all of DRA's claims are barred by the incremental harm doctrine.

### EIGHTEENTH DEFENSE

DRA has suffered no compensable damages as a result of the Schofields' alleged conduct.

### NINETEENTH DEFENSE

DRA has failed to mitigate any damages it claims to have sustained as a result of the Schofields' alleged conduct.

### TWENTIETH DEFENSE

Some or all of the damages of which DRA complains were the result of the fault and/or actions of DRA itself, were the result of the fault and/or actions of persons or entities over whom or over which the Schofields had no control, and/or were the result of intervening causes.

### TWENTY-FIRST DEFENSE

Some or all of DRA's claims are barred under 47 U.S.C. § 230 and/or Utah Code § 45-2-5.

**TWENTY-SECOND DEFENSE**

Some or all of DRA's claims are barred because DRA has failed to adequately plead and/or cannot prove special damages.

**TWENTY-THIRD DEFENSE**

At all times relevant to this action the Schofields exercised the requisite degree of care and prudence in undertaking any of the conduct of which DRA complains.

**TWENTY-FOURTH DEFENSE**

Some or all of DRA's claims are barred because DRA is, or at all times relevant to this action was, a general or limited-purpose public figure, and the Schofields did not act with actual malice.

**TWENTY-FIFTH DEFENSE**

Some or all of DRA's claims are barred by the single publication rule.

**TWENTY-SIXTH DEFENSE**

Some or all of DRA's claims are barred by the *Noerr-Pennington* doctrine.

**TWENTY-SEVENTH DEFENSE**

DRA's claims are without merit and not brought or asserted in good faith, but instead are brought to chill the Schofields' valid exercise of the constitutional rights of freedom of speech. DRA's claims arise from the Schofields' acts in furtherance of their right of free speech under the United States Constitution or the California Constitution in connection with a public issue. As a result, DRA's claims are subject to a special motion to strike under California Code of Civil

Procedure § 425.16.  Upon prevailing on the special motion to strike the Schofields are entitled to recover their attorney's fees and costs.

WHEREFORE, the Schofields demand that the Complaint be dismissed with prejudice and on the merits; that the Schofields be awarded their costs, expenses, and attorneys' fees incurred in connection with this matter; and that the Schofields be awarded such other and further relief as this Court deems just.

## JURY DEMAND

The Schofields hereby demand a jury for all issues triable thereto.

DATED this 24th day of October 2014.

        PARR BROWN GEE & LOVELESS, P.C.

        /s/ Rachel Lassig Wertheimer
        David C. Reymann
        Rachel Lassig Wertheimer

        Attorneys for Defendants
        Susan Schofield and Michael Schofield

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of October 2014, I filed the foregoing **ANSWER OF DEFENDANTS SUSAN SCHOFIELD AND MICHAEL SCHOFIELD** via the CM/ECF system, which electronically served the following:

> Steven R. Bangerter (sbangerter@bangertersheppard.com)
> William E. Frazier (wfrazier@bangertersheppard.com)
> Daniel P. Wilde (dwilde@bangertersheppard.com)
> BANGERTER SHEPPARD, P.C.
> 720 S. River Road, Suite A-200
> St. George, UT 84780

/s/ Rachel Lassig Wertheimer

4812-7122-2304